### CHICAGO MERCANTILE EXCHANGE, Plaintiff,

v.

### UNITED STATES of America, and GNP Commodities, Inc., Defendants.

### No. 86 C 495.

United States District Court, N.D. Illinois, E.D.

Dec. 31, 1986.

Raymond J. Mengler, Freeman, Freeman & Salzman, P.C., Chicago, Ill., for plaintiff.

Gerard A. Brost, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.A.

Kenneth F. Levin, Chicago, Ill., for defendant GNP Commodities, Inc.

### ORDER

BUA, District Judge.

Before this court are defendants' cross-motions for summary judgment. For the reasons stated herein, the United States of America's motion is denied and GNP Commodities, Inc.'s motion is granted.

### FACTS

The Chicago Mercantile Exchange ("CME") brought this interpleader action

naming as defendants the United States and GNP Commodities, Inc. ("GNP"). CME desires to disburse the $166,361.57 proceeds generated from the sale of Bruce Yermack's CME membership seat.

Each defendant seeks the proceeds to satisfy debts owed them by Yermack. Yermack accrued federal income tax liabilities in excess of $274,000. In addition, Yermack incurred a CME exchange-related debt to GNP in excess of $93,000.

## DISCUSSION

Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property...." 26 U.S.C. § 6321.

The central issue before this court is whether the proceeds generated from the sale of Yermack's seat constitute Yermack's "property" or "rights to property" within the meaning of 26 U.S.C. § 6321. This issue is one of first impression.

GNP argues that the proceeds generated from the sale of Yermack's CME membership seat are not "property" within the meaning of § 6321. GNP contends that Yermack had no right to or interest in the proceeds until all valid CME Rule 110 claims against Yermack were satisfied. GNP believes that the Internal Revenue Service could never acquire the status of a lien creditor with respect to that portion of Yermack's CME membership subject to CME Rule 110 claims.

Not surprisingly, IRS claims that the proceeds generated from the sale of Yermack's CME membership seat is "property" within the meaning of § 6321 of the Internal Tax Code. IRS maintains that the CME membership seat is transferable property, notwithstanding the numerous restrictions imposed upon the member's right to sell that membership. Next, IRS suggests that GNP has no superior rights over the IRS' lien since GNP failed to perfect its claim against Yermack. Finally, IRS claims that GNP's security interest in Yermack's CME seat is unperfected and hence subordinate to the IRS tax liens.

This court turns to the Seventh Circuit for guidance in an effort to resolve this question of first impression. In *AVCO Delta Corporation Canada Ltd. v. United States*, 459 F.2d 436 (7th Cir.1972), the Seventh Circuit was confronted by a similar problem. There, the *AVCO* court stated that the government's lien cannot exceed the rights of the taxpayer. In other words, the government's tax lien under § 6321 extends only as far as the taxpayer's rights in that property. *Midland Insurance Co. v. Friedgood*, 577 F.Supp. 1407 (S.D.N.Y.1984).

Section 6321 creates no property rights; section 6321 merely "attaches consequences" to property rights created elsewhere. *United States v. Bess*, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958). A federal court must look beyond § 6321 to determine the nature of the legal interest which a taxpayer has in the property sought to be reached by the government's tax lien. *AVCO Delta Corporation Canada, Ltd. v. United States*, 459 F.2d 436, 440 (7th Cir.1972).

Yermack's property right in his CME membership seat is determined in accordance with the rules promulgated by the Chicago Mercantile Exchange. In particular, CME Rule 110 establishes the order of priority for the distribution of the proceeds from the sale of a membership seat. Rule 110 has been approved by the Commodity Futures Trading Commission ("CFTC") as part of the regulatory scheme established by Congress through the Commodity Exchange Act. 7 U.S.C. § 1 *et seq.*

CME Rule 110 requires classification of claims against a CME member who is selling a CME membership seat. Rule 110 establishes the order of priority in which qualified claimants should be paid. Initially, proceeds from the sale of a membership seat should be applied to exchange-related claims, including claims by a member's most recent clearing firm. Finally, any surplus of proceeds over exchange-related

claims shall be paid to the person whose membership seat was sold. This CME rule provides for the orderly administration and financial stability of the Chicago Mercantile Exchange.

CME Rule 110 has been approved by the CFTC. This rule is legally enforceable against a CME member. Rule 110 constitutes a limitation on a member's right to transfer ownership of his seat and on the value of the seat. A member acquires a property interest in the proceeds generated from selling a membership seat only after application of the Rule 110 claim process. A member's property interest in his seat extends only to the remainder of the proceeds after satisfaction of all valid priority claims under Rule 110.

In the instant case, Yermack had no right to or interest in the proceeds from the sale of his membership seat until all valid Rule 110 claims against him were satisfied. Until such satisfaction, the proceeds from the Yermack membership seat sale cannot be considered Yermack's "property" within the meaning of § 6321 of the Internal Revenue Code. 26 U.S.C. § 6321. The IRS's Notice of Levy, therefore, does not establish a lien against the proceeds of such membership seat sale until all valid Rule 110 claims are satisfied. Rule 110 claims, especially exchange-related debts, must be treated as liens inherent in the member's seat itself. These claims must be satisfied before claims of other creditors. *See In re: Robert L. Surkin,* No. 86 B 1905, slip op. (N.D.Ill. Nov. 26, 1986).

### CONCLUSION

Yermack has no property right in the proceeds generated from the sale of Yermack's CME membership seat until all valid CME Rule 110 claims against Yermack are satisfied. The IRS can never acquire the status of a lien creditor with respect to the portion of Yermack's CME membership subject to Rule 110 claims. The IRS can never achieve this status because Yermack himself has no property right in the portion of his CME membership that relates to exchange-related debts. Therefore, this court orders GNP's exchange-related claims to be paid first out of the proceeds generated from the sale of Yermack's membership interests. Accordingly, IRS' motion for summary judgment is denied and GNP's motion for summary judgment in its favor is granted.

IT IS SO ORDERED.